THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | **Criminal No.** PX-17-0382 |
| | ) | |
| JAIRO ARNALDO JACOME | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SENTENCING MEMORANDUM**

   **COMES NOW** Jairo Arnaldo Jacome, the defendant, through undersigned counsel and provides the following sentencing requests:

   (1) Mr. Jacome understands that Count Five, Murder in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(1), carries a mandatory minimum sentence of life and that the Court must impose a life sentence for that Count. He denies any involvement in the murder of Anner Duarte Lopez or anyone else but recognizes the jury's verdict of guilt on this count.

   (2) As to Count One, Conspiracy to Participate in a Racketeering Enterprise, under 18 U.S.C. §1962(d) and 18 U.S.C. §1963(a), Mr. Jacome requests the Court find the guidelines for receiving "rent monies" apply, under the extortion guideline rather than the guideline for violation of first degree murder. Consistent with his defense at trial, Mr. Jacome admitted his involvement in receiving rent monies on behalf of the Langley Park Salvatruchas clique of MS-13. However he denies the use of threats of force and violence and to having a managerial role and objects to any enhancements for such conduct.

(3) Likewise as to Count Ten, Conspiracy to Interfere with Interstate Commerce by Extortion, under 18 U.S.S. §1941(a), Mr. Jacome agrees with the base offense level 18 under the extortion guidelines but he objects to any enhancements from the base offense level for role in the offense or for threats of force and violence.  Mr. Jacome urges a sentence of not greater than the guideline calculation of level 18 for this offense.

(4) Additionally, the Government's sentencing memorandum incorrectly notes that Mr. Jacome illegally entered and is illegally residing in the United States.  That is inaccurate, Mr. Jacome has legal status in the United States.  See Pre-Sentence Report ("PSR) ¶ 63.  When arrested, Mr. Jacome was legally residing in the United States as a permanent residence.  *Id*.

(5) Additionally, we request the allegation of facts language in paragraph 58 be deleted from the PSR.  This appears to be an open case.  Mr. Jacome neither plead guilty nor was found guilty of this case.  The assertions are merely allegations and therefore should not be included in the PSR.

Respectfully submitted,

/s/

_____
Elita C. Amato
2111 Wilson Blvd. 8th Floor
Arlington, VA 22201
(703) 522-5900
(703) 997-7775 (fax.)
Amato@amatoatlaw.com

/s/

_____<br>
Jonathan P. Van Hoven<br>
36 South Charles Street., Ste. 901<br>
Baltimore, MD 21201<br>
(410) 576-0689<br>
(410) 5769391<br>
Jon@vanhovenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this Pleading is to be filed electronically through the ECF system thereby providing notice and service upon government counsel as well as all parties in this case, on this 7th day of February 2023, thereby, providing service electronically upon all parties in this case.

_____/s/_____
Elita C. Amato

3